

**U.S. Department of Justice**

*United States Attorney*
*District of Rhode Island*

Fleet Center                    (401) 709-5000
50 Kennedy Plaza, 8th Floor FAX (401) 709-5001
Providence, Rhode Island 02903

December 9, 2013

Margaret Carter, Clerk
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re: *United States v. Abdulfatah Oladosu,* No. 13-1332

Dear Ms. Carter,

In response to Chief Judge Lynch's inquiry at oral argument, we have consulted with the Office of Policy and Legislation, Criminal Division, Department of Justice, and now report as follows.

In the 112th and 113th Congresses, at least three bills were introduced concerning geolocation tracking. It appears that all three bills relate in some fashion to the issue presented in *United States v. Jones*, 132 S. Ct. 945 (2012).

On June 14, 2011, about two weeks before the Supreme Court granted *certiorari* in *Jones*, Representative Jason Chaffetz of Utah introduced H.R. 2168. *See* 157 Cong. Rec. H4185-02, H4185 (daily ed. June 14, 2011). A subcommittee of the House Committee on the Judiciary held a hearing on the bill on May 17, 2012. *See* 158 Cong. Rec. D480-01, D480 (daily dig. May 16, 2012); 158 Cong. Rec. D486-01, D492 (daily dig. May 17, 2012). No further action was taken on the bill apart from committee referrals. *See* Westlaw Bills database, 2011 FD H.B. 2168.

On March 21, 2013, about fourteen months after *Jones* was decided, Representative Chaffetz introduced H.R. 1312. *See* 159 Cong. Rec. H1820-01, H1821 (daily ed. March 21, 2013). On the same day, Senator Ron Wyden of Oregon introduced S. 639. *See* 159 Cong. Rec. S2145-03, S2146 (daily ed. March 21, 2013). The bills have been referred to committees, but no

further action has been taken. *See* Westlaw Bills database, 2013 FD H.B. 1312, 2013 FD S.B. 639.

We attach copies of the three bills. For background on the bills, we refer the Court to the following: a press release of Representative Chaffetz, http://chaffetz.house.gov/press-release/chaffetz-works-protect-privacy-gps-act; a press release of Senator Wyden, http://www.wyden.senate.gov/news/press-releases/bipartisan-legislation-institutes-warrant-requirements-to-track-americans-with-gps-data; and *In re Application of U.S. for an Order Authorizing Disclosure of Location Information of a Specified Wireless Telephone*, 849 F. Supp.2d 526, 555-56 (D. Md. 2011).

Respectfully submitted,

PETER F. NERONHA
United States Attorney

/s/ Donald C. Lockhart

DONALD C. LOCKHART
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I certify that on December 9, 2013, I electronically served a copy of the foregoing filing on the following registered participants of the CM/ECF system:

George J. West, Esq.
Suite 312
1 Turks Head Place
Providence, RI 02903-2215

/s/ Donald C. Lockhart

_____

I

112TH CONGRESS
1ST SESSION

# H. R. 2168

To amend title 18, United States Code, to specify the circumstances in which a person may acquire geolocation information and for other purposes.

————————————————

## IN THE HOUSE OF REPRESENTATIVES

JUNE 14, 2011

Mr. CHAFFETZ (for himself and Mr. GOODLATTE) introduced the following bill; which was referred to the Committee on the Judiciary, and in addition to the Select Committee on Intelligence (Permanent Select), for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned

————————————————

# A BILL

To amend title 18, United States Code, to specify the circumstances in which a person may acquire geolocation information and for other purposes.

1    *Be it enacted by the Senate and House of Representa-*

2    *tives of the United States of America in Congress assembled,*

3    **SECTION 1. SHORT TITLES.**

4    This Act may be cited as the ''Geolocational Privacy

5    and Surveillance Act'' or the ''GPS Act''.

2

1  SEC. 2. PROTECTION OF GEOLOCATION INFORMATION.

2      (a) IN GENERAL.—Part 1 of title 18, United States

3  Code, is amended by inserting after chapter 119 the fol-

4  lowing:

5      **"CHAPTER 120—GEOLOCATION**

6                 **INFORMATION**

"Sec.
"2601. Definitions.
"2602. Interception and disclosure of geolocation information.
"2603. Prohibition of use as evidence of acquired geolocation information.
"2604. Emergency situation exception.
"2605. Recovery of civil damages authorized.

7  **"§ 2601. Definitions**

8      "In this chapter:

9          "(1) ELECTRONIC COMMUNICATION SERVICE.—

10     The term 'electronic communication service' has the

11     meaning given that term in section 2510.

12         "(2) ELECTRONIC SURVEILLANCE.—The term

13     'electronic surveillance' has the meaning given that

14     term in section 101 of the Foreign Intelligence Sur-

15     veillance Act of 1978 (50 U.S.C. 1801).

16         "(3) GEOLOCATION INFORMATION.—The term

17     'geolocation information' means, with respect to a

18     person, any information that is not the content of a

19     communication, concerning the location of a wireless

20     communication device or tracking device (as that

21     term is defined section 3117) that, in whole or in

22     part, is generated by or derived from the operation

3

1 of that device and that could be used to determine

2 or infer information regarding the location of the

3 person.

4  "(4) GEOLOCATION INFORMATION SERVICE.—

5 The term 'geolocation information service' means the

6 provision of a global positioning service or other

7 mapping, locational, or directional information serv-

8 ice to the public, or to such class of users as to be

9 effectively available to the public, by or through the

10 operation of any wireless communication device, in-

11 cluding any mobile telephone, global positioning sys-

12 tem receiving device, mobile computer, or other simi-

13 lar or successor device.

14  "(5) INTERCEPT.—The term 'intercept' means

15 the acquisition of geolocation information through

16 the use of any electronic, mechanical, or other de-

17 vice.

18  "(6) INVESTIGATIVE OR LAW ENFORCEMENT

19 OFFICER.—The term 'investigative or law enforce-

20 ment officer' means any officer of the United States

21 or of a State or political subdivision thereof, who is

22 empowered by law to conduct investigations of, or to

23 make arrests for, offenses enumerated in this chap-

24 ter, and any attorney authorized by law to prosecute

25 or participate in the prosecution of such offenses.

4

1        ''(7) PERSON.—The term 'person' means any
2    employee or agent of the United States, or any State
3    or political subdivision thereof, and any individual,
4    partnership, association, joint stock company, trust,
5    or corporation.

6        ''(8) REMOTE COMPUTING SERVICE.—The term
7    'remote computing service' has the meaning given
8    that term in section 2711.

9        ''(9) STATE.—The term 'State' means any
10    State of the United States, the District of Columbia,
11    the Commonwealth of Puerto Rico, and any territory
12    or possession of the United States.

13        ''(10) WIRELESS COMMUNICATION DEVICE.—
14    The term 'wireless communication device' means any
15    device that enables access to, or use of, an electronic
16    communication system or service, remote computing
17    service, or geolocation information service, if that de-
18    vice utilizes a radio or other wireless connection to
19    access such system or service.

20        ''(11) COVERED SERVICE.—The term 'covered
21    services' means electronic communication service, re-
22    mote computing service, or of geolocation informa-
23    tion service.

5

1   **"§ 2602. Interception and disclosure of geolocation in-**

2       **formation**

3       "(a) IN GENERAL.—

4         "(1) PROHIBITION ON DISCLOSURE OR USE.—

5   Except as otherwise specifically provided in this

6   chapter, it shall be unlawful for any person to—

7           "(A) intentionally intercept, endeavor to

8   intercept, or procure any other person to inter-

9   cept or endeavor to intercept, geolocation infor-

10   mation pertaining to another person;

11           "(B) intentionally disclose, or endeavor to

12   disclose, to any other person geolocation infor-

13   mation pertaining to another person, knowing

14   or having reason to know that the information

15   was obtained through the interception of such

16   information in violation of this paragraph;

17           "(C) intentionally use, or endeavor to use,

18   any geolocation information, knowing or having

19   reason to know that the information was ob-

20   tained through the interception of such infor-

21   mation in violation of this paragraph; or

22           "(D)(i) intentionally disclose, or endeavor

23   to disclose, to any other person the geolocation

24   information pertaining to another person inter-

25   cepted by means authorized by subsections (b)

6

1 through (h), except as provided in such sub-

2 sections;

3  "(ii) knowing or having reason to know

4  that the information was obtained through the

5  interception of such information in connection

6  with a criminal investigation;

7  "(iii) having obtained or received the infor-

8  mation in connection with a criminal investiga-

9  tion; and

10  "(iv) with intent to improperly obstruct,

11  impede, or interfere with a duly authorized

12  criminal investigation.

13 "(2) PENALTY.—Any person who violates para-

14 graph (1) shall be fined under this title, imprisoned

15 not more than five years, or both.

16 "(b) EXCEPTION FOR INFORMATION ACQUIRED IN

17 THE NORMAL COURSE OF BUSINESS.—It shall not be un-

18 lawful under this chapter for an officer, employee, or agent

19 of a provider of covered services, whose facilities are used

20 in the transmission of geolocation information, to inter-

21 cept, disclose, or use that information in the normal course

22 of the officer, employee, or agent's employment while en-

23 gaged in any activity which is a necessary incident to the

24 rendition of service or to the protection of the rights or

25 property of the provider of that service, except that a pro-

1 vider of a geolocation information service to the public

2 shall not utilize service observing or random monitoring

3 except for mechanical or service quality control checks.

4     ''(c) EXCEPTION FOR CONDUCTING FOREIGN INTEL-

5 LIGENCE SURVEILLANCE.—Notwithstanding any other

6 provision of this chapter, it shall not be unlawful for an

7 officer, employee, or agent of the United States in the nor-

8 mal course of the official duty of the officer, employee,

9 or agent to conduct electronic surveillance, as authorized

10 by the Foreign Intelligence Surveillance Act of 1978 (50

11 U.S.C. 1801 et seq.).

12     ''(d) EXCEPTION FOR CONSENT.—

13         ''(1) IN GENERAL.—It shall not be unlawful

14     under this chapter for a person to intercept

15     geolocation information pertaining to another person

16     if such other person has given prior consent to such

17     interception unless such information is intercepted

18     for the purpose of committing any criminal or

19     tortious act in violation of the Constitution or laws

20     of the United States or of any State.

21         ''(2) CHILDREN.—The exception in paragraph

22     (1) permits a parent or legal guardian of a child to

23     intercept geolocation information pertaining to that

24     child or to give consent for another person to inter-

25     cept such information.

8

1     "(e) EXCEPTION FOR PUBLIC INFORMATION.—It
2 shall not be unlawful under this chapter for any person
3 to intercept or access geolocation information relating to
4 another person through any system that is configured so
5 that such information is readily accessible to the general
6 public.

7     "(f) EXCEPTION FOR EMERGENCY INFORMATION.—
8 It shall not be unlawful under this chapter for any inves-
9 tigative or law enforcement officer or other emergency re-
10 sponder to intercept or access geolocation information re-
11 lating to a person if such information is used—

12         "(1) to respond to a request made by such per-
13     son for assistance; or

14         "(2) in circumstances in which it is reasonable
15     to believe that the life or safety of the person is
16     threatened, to assist the person.

17     "(g) EXCEPTION FOR THEFT OR FRAUD.—It shall
18 not be unlawful under this chapter for a person acting
19 under color of law to intercept geolocation information
20 pertaining to the location of another person who has un-
21 lawfully taken the device sending the geolocation informa-
22 tion if—

23         "(1) the owner or operator of such device au-
24     thorizes the interception of the person's geolocation
25     information;

9

1    ''(2) the person acting under color of law is

2    lawfully engaged in an investigation; and

3    ''(3) the person acting under color of law has

4    reasonable grounds to believe that the geolocation

5    information of the other person will be relevant to

6    the investigation.

7  ''(h) EXCEPTION FOR WARRANT.—

8    ''(1) DEFINITIONS.—In this subsection:

9      ''(A) COURT OF COMPETENT JURISDIC-

10     TION.—The term 'court of competent jurisdic-

11     tion' includes—

12       ''(i) any district court of the United

13       States (including a magistrate judge of

14       such a court) or any United States court

15       of appeals that—

16         ''(I) has jurisdiction over the of-

17         fense being investigated;

18         ''(II) is in or for a district in

19         which the provider of a geolocation in-

20         formation service is located or in

21         which the geolocation information is

22         stored; or

23         ''(III) is acting on a request for

24         foreign assistance pursuant to section

25         3512 of this title; or

10

1              ''(ii) a court of general criminal juris-
2          diction of a State authorized by the law of
3          that State to issue search warrants.

4          ''(B) GOVERNMENTAL ENTITY.—The term
5      'governmental entity' means a department or
6      agency of the United States or any State or po-
7      litical subdivision thereof.

8          ''(2) WARRANT.—A governmental entity may
9      intercept geolocation information or require the dis-
10     closure by a provider of covered services of
11     geolocation information only pursuant to a warrant
12     issued using the procedures described in the Federal
13     Rules of Criminal Procedure (or, in the case of a
14     State court, issued using State warrant procedures)
15     by a court of competent jurisdiction, or as otherwise
16     provided in this chapter or the Foreign Intelligence
17     Surveillance Act of 1978 (50 U.S.C. 1801 et seq.).

18     ''(i) PROHIBITION ON DIVULGING GEOLOCATION IN-
19     FORMATION.—

20         ''(1) IN GENERAL.—Except as provided in para-
21     graph (2), a person providing covered services shall
22     not intentionally divulge geolocation information per-
23     taining to another person.

24         ''(2) EXCEPTIONS.—A person providing covered
25     services may divulge geolocation information—

11

1                           "(A) as otherwise authorized in subsections

2             (b) through (h);

3                           "(B) with the lawful consent of such other

4             person;

5                           "(C) to another person employed or au-

6             thorized, or whose facilities are used, to forward

7             such geolocation information to its destination;

8             or

9                           "(D) which was inadvertently obtained by

10             the service provider and which appears to per-

11             tain to the commission of a crime, if such divul-

12             gence is made to a law enforcement agency.

## 13 "§ 2603. Prohibition of use as evidence of acquired

## 14                   geolocation information

15     "Whenever any geolocation information has been ac-

16 quired, no part of such information and no evidence de-

17 rived therefrom may be received in evidence in any trial,

18 hearing, or other proceeding in or before any court, grand

19 jury, department, officer, agency, regulatory body, legisla-

20 tive committee, or other authority of the United States,

21 a State, or a political subdivision thereof if the disclosure

22 of that information would be in violation of this chapter.

## 23 "§ 2604. Emergency situation exception

24     "(a) EMERGENCY SITUATION EXCEPTION.—Not-

25 withstanding any other provision of this chapter, any in-

12

1  vestigative or law enforcement officer, specially designated

2  by the Attorney General, the Deputy Attorney General,

3  the Associate Attorney General, or by the principal pros-

4  ecuting attorney of any State or subdivision thereof acting

5  pursuant to a statute of that State, may intercept

6  geolocation information if—

7      ''(1) such officer reasonably determines that an

8      emergency situation exists that—

9          ''(A) involves—

10             ''(i) immediate danger of death or se-

11             rious physical injury to any person;

12             ''(ii) conspiratorial activities threat-

13             ening the national security interest; or

14             ''(iii) conspiratorial activities char-

15             acteristic of organized crime; and

16          ''(B) requires geolocation information be

17          intercepted before an order authorizing such

18          interception can, with due diligence, be ob-

19          tained;

20      ''(2) there are grounds upon which an order

21      could be entered to authorize such interception; and

22      ''(3) an application for an order approving such

23      interception is made within 48 hours after the inter-

24      ception has occurred or begins to occur.

25  ''(b) FAILURE TO OBTAIN COURT ORDER.—

1        "(1) TERMINATION OF ACQUISITION.—In the

2     absence of an order, an interception of geolocation

3     information carried out under subsection (a) shall

4     immediately terminate when the information sought

5     is obtained or when the application for the order is

6     denied, whichever is earlier.

7        "(2) PROHIBITION ON USE AS EVIDENCE.—In

8     the event such application for approval is denied, the

9     geolocation information shall be treated as having

10    been obtained in violation of this chapter and an in-

11    ventory shall be served on the person named in the

12    application.

13 **"§ 2605. Recovery of civil damages authorized**

14     "(a) IN GENERAL.—Any person whose geolocation

15 information is intercepted, disclosed, or intentionally used

16 in violation of this chapter may in a civil action recover

17 from the person, other than the United States, which en-

18 gaged in that violation such relief as may be appropriate.

19     "(b) RELIEF.—In an action under this section, ap-

20 propriate relief includes—

21        "(1) such preliminary and other equitable or

22     declaratory relief as may be appropriate;

23        "(2) damages under subsection (c) and punitive

24     damages in appropriate cases; and

1          "(3) a reasonable attorney's fee and other liti-

2     gation costs reasonably incurred.

3     "(c) COMPUTATION OF DAMAGES.—The court may

4 assess as damages under this section whichever is the

5 greater of—

6          "(1) the sum of the actual damages suffered by

7     the plaintiff and any profits made by the violator as

8     a result of the violation; or

9          "(2) statutory damages of whichever is the

10     greater of $100 a day for each day of violation or

11     $10,000.

12     "(d) DEFENSE.—It is a complete defense against any

13 civil or criminal action brought against an individual for

14 conduct in violation of this chapter if such individual acted

15 in a good faith reliance on—

16          "(1) a court warrant or order, a grand jury

17     subpoena, a legislative authorization, or a statutory

18     authorization;

19          "(2) a request of an investigative or law en-

20     forcement officer under section 2604; or

21          "(3) a good-faith determination that an excep-

22     tion under section 2602 permitted the conduct com-

23     plained of.

24     "(e) LIMITATION.—A civil action under this section

25 may not be commenced later than two years after the date

1   upon which the claimant first has a reasonable oppor-

2   tunity to discover the violation.

3        ''(f) ADMINISTRATIVE DISCIPLINE.—If a court or ap-

4   propriate department or agency determines that the

5   United States or any of its departments or agencies has

6   violated any provision of this chapter, and the court or

7   appropriate department or agency finds that the cir-

8   cumstances surrounding the violation raise serious ques-

9   tions about whether or not an officer or employee of the

10   United States acted willfully or intentionally with respect

11   to the violation, the department or agency shall, upon re-

12   ceipt of a true and correct copy of the decision and find-

13   ings of the court or appropriate department or agency

14   promptly initiate a proceeding to determine whether dis-

15   ciplinary action against the officer or employee is war-

16   ranted. If the head of the department or agency involved

17   determines that disciplinary action is not warranted, such

18   head shall notify the Inspector General with jurisdiction

19   over the department or agency concerned and shall provide

20   the Inspector General with the reasons for such deter-

21   mination.

22        ''(g) IMPROPER DISCLOSURE IS VIOLATION.—Any

23   willful disclosure or use by an investigative or law enforce-

24   ment officer or governmental entity of information beyond

16

1 the extent permitted by this chapter is a violation of this

2 chapter for purposes of this section.''.

3     (b) CLERICAL AMENDMENT.—The table of chapters

4 for part 1 of title 18, United States Code, is amended by

5 inserting after the item relating to chapter 119 the fol-

6 lowing:

"120. Geolocation information ................................................................. 2601''.

7     (c) CONFORMING AMENDMENTS.—Section 3512(a) of

8 title 18, United States Code, is amended—

9         (1) in paragraph (2)—

10             (A) by redesignating subparagraphs (B),

11         (C), and (D) as subparagraphs (C), (D), and

12         (E), respectively; and

13             (B) by inserting after subparagraph (A)

14         the following:

15             "(B) a warrant or order for geolocation in-

16         formation or records related thereto, as pro-

17         vided under section 2602 of this title;'';

18 **SEC. 3. REQUIREMENT FOR SEARCH WARRANTS TO AC-**

19                 **QUIRE GEOLOCATION INFORMATION.**

20     Rule 41(a) of the Federal Rules of Criminal Proce-

21 dure is amended—

22         (1) in paragraph (2)(A), by striking the period

23         at the end and inserting a comma and "including

24         geolocation information.''; and

25         (2) by adding at the end the following:

1          "(F) 'Geolocation information' has the

2     meaning given that term in section 2601 of title

3     18, United States Code.".

4 **SEC. 4. FRAUD AND RELATED ACTIVITY IN CONNECTION**

5          **WITH OBTAINING GEOLOCATION INFORMA-**

6          **TION.**

7     (a) CRIMINAL VIOLATION.—Section 1039(h) of title

8 18, United States Code, is amended—

9          (1) in paragraph (2)—

10               (A) in subparagraph (A), by striking

11          "and" at the end;

12               (B) in subparagraph (B), by striking the

13          period at the end and inserting a semicolon and

14          "and"; and

15               (C) by adding at the end the following new

16          subparagraph:

17               "(C) includes any geolocation information

18          service.";

19          (2) by redesignating paragraph (4) as para-

20     graph (5); and

21          (3) by inserting after paragraph (3) the fol-

22     lowing:

23          "(4) GEOLOCATION INFORMATION SERVICE.—

24     The term 'geolocation information service' has the

25     meaning given that term in section 2601.".

18

1    (b) CONFORMING AMENDMENTS.—

2    (1) DEFINITION AMENDMENTS.—Section

3    1039(h)(1) of title 18, United States Code, is

4    amended—

5        (A) in the paragraph heading, by inserting

6    "OR GPS" after "PHONE"; and

7        (B) in the matter preceding subparagraph

8    (A), by inserting "or GPS" after "phone".

9    (2) CONFORMING AMENDMENTS.—Section 1039

10    of title 18, United States Code, is amended—

11        (A) in the section heading by inserting "**or**

12    **GPS**" after "**phone**";

13        (B) in subsection (a)—

14            (i) in the matter preceding paragraph

15        (1), by inserting "or GPS" after "phone";

16        and

17            (ii) in paragraph (4), by inserting "or

18        GPS" after "phone";

19        (C) in subsection (b)—

20            (i) in the subsection heading, by in-

21        serting "OR GPS" after "PHONE";

22            (ii) in paragraph (1), by inserting "or

23        GPS" after "phone" both places that term

24        appears; and

1          (iii) in paragraph (2), by inserting "or

2      GPS" after "phone"; and

3          (D) in subsection (c)—

4              (i) in the subsection heading, by in-

5          serting "OR GPS" after "PHONE";

6              (ii) in paragraph (1), by inserting "or

7          GPS" after "phone" both places that term

8          appears; and

9              (iii) in paragraph (2), by inserting "or

10         GPS" after "phone".

11         (3) CHAPTER ANALYSIS.—The table of sections

12     for chapter 47 of title 18, United States Code, is

13     amended by striking the item relating to section

14     1039 and inserting the following:

> "1039. Fraud and related activity in connection with obtaining confidential
> phone or GPS records information of a covered entity.".

15     (c) SENTENCING GUIDELINES.—

16         (1) REVIEW AND AMENDMENT.—Not later than

17     180 days after the date of enactment of this Act, the

18     United States Sentencing Commission, pursuant to

19     its authority under section 994 of title 28, United

20     States Code, and in accordance with this section,

21     shall review and, if appropriate, amend the Federal

22     sentencing guidelines and policy statements applica-

23     ble to persons convicted of any offense under section

1  1039 of title 18, United States Code, as amended by

2  this section.

3      (2) AUTHORIZATION.—The United States Sen-

4  tencing Commission may amend the Federal sen-

5  tencing guidelines in accordance with the procedures

6  set forth in section 21(a) of the Sentencing Act of

7  1987 (28 U.S.C. 994 note) as though the authority

8  under that section had not expired.

9  **SEC. 5. STATEMENT OF EXCLUSIVE MEANS OF ACQUIRING**

10  **GEOLOCATION INFORMATION.**

11      (a) IN GENERAL.—No person may acquire the

12  geolocation information of a person for protective activities

13  or law enforcement or intelligence purposes except pursu-

14  ant to a warrant issued pursuant to rule 41 of the Federal

15  Rules of Criminal Procedure, as amended by section 3,

16  or the amendments made by this Act, or the Foreign Intel-

17  ligence Surveillance Act of 1978 (50 U.S.C. 1801).

18      (b) GEOLOCATION INFORMATION DEFINED.—In this

19  section, the term ''geolocation information'' has the mean-

20  ing given that term in section 2601 of title 18, United

21  States Code, as amended by section 2.

○

I

113TH CONGRESS
1ST SESSION

# H. R. 1312

To amend title 18, United States Code, to specify the circumstances in
which a person may acquire geolocation information and for other purposes.

——————————

## IN THE HOUSE OF REPRESENTATIVES

MARCH 21, 2013

Mr. CHAFFETZ (for himself, Mr. CHABOT, Mr. FARR, Mr. DEFAZIO, Ms. PIN-
GREE of Maine, Mr. POLIS, Mr. POE of Texas, Ms. LOFGREN, Mr. SEN-
SENBRENNER, Mr. CONYERS, and Mr. WELCH) introduced the following
bill; which was referred to the Committee on the Judiciary, and in addi-
tion to the Select Committee on Intelligence (Permanent Select), for a
period to be subsequently determined by the Speaker, in each case for
consideration of such provisions as fall within the jurisdiction of the com-
mittee concerned

——————————

# A BILL

To amend title 18, United States Code, to specify the cir-
cumstances in which a person may acquire geolocation
information and for other purposes.

1    *Be it enacted by the Senate and House of Representa-*

2    *tives of the United States of America in Congress assembled,*

3    **SECTION 1. SHORT TITLES.**

4        This Act may be cited as the ''Geolocational Privacy

5    and Surveillance Act'' or the ''GPS Act''.

2

1 SEC. 2. PROTECTION OF GEOLOCATION INFORMATION.

2 (a) IN GENERAL.—Part 1 of title 18, United States

3 Code, is amended by inserting after chapter 119 the fol-

4 lowing:

5 **"CHAPTER 120—GEOLOCATION**

6 **INFORMATION**

"Sec.
"2601. Definitions.
"2602. Interception and disclosure of geolocation information.
"2603. Prohibition of use as evidence of acquired geolocation information.
"2604. Emergency situation exception.
"2605. Recovery of civil damages authorized.

7 **"§ 2601. Definitions**

8 "In this chapter:

9 "(1) ELECTRONIC COMMUNICATION SERVICE.—

10 The term 'electronic communication service' has the

11 meaning given that term in section 2510.

12 "(2) ELECTRONIC SURVEILLANCE.—The term

13 'electronic surveillance' has the meaning given that

14 term in section 101 of the Foreign Intelligence Sur-

15 veillance Act of 1978 (50 U.S.C. 1801).

16 "(3) GEOLOCATION INFORMATION.—The term

17 'geolocation information' means, with respect to a

18 person, any information that is not the content of a

19 communication, concerning the location of a wireless

20 communication device or tracking device (as that

21 term is defined section 3117) that, in whole or in

22 part, is generated by or derived from the operation

3

1    of that device and that could be used to determine
2    or infer information regarding the location of the
3    person.

4        "(4) GEOLOCATION INFORMATION SERVICE.—
5    The term 'geolocation information service' means the
6    provision of a global positioning service or other
7    mapping, locational, or directional information serv-
8    ice to the public, or to such class of users as to be
9    effectively available to the public, by or through the
10   operation of any wireless communication device, in-
11   cluding any mobile telephone, global positioning sys-
12   tem receiving device, mobile computer, or other simi-
13   lar or successor device.

14       "(5) INTERCEPT.—The term 'intercept' means
15   the acquisition of geolocation information through
16   the use of any electronic, mechanical, or other de-
17   vice.

18       "(6) INVESTIGATIVE OR LAW ENFORCEMENT
19   OFFICER.—The term 'investigative or law enforce-
20   ment officer' means any officer of the United States
21   or of a State or political subdivision thereof, who is
22   empowered by law to conduct investigations of, or to
23   make arrests for, offenses enumerated in this chap-
24   ter, and any attorney authorized by law to prosecute
25   or participate in the prosecution of such offenses.

4

1    ''(7) PERSON.—The term 'person' means any

2    employee or agent of the United States, or any State

3    or political subdivision thereof, and any individual,

4    partnership, association, joint stock company, trust,

5    or corporation.

6    ''(8) REMOTE COMPUTING SERVICE.—The term

7    'remote computing service' has the meaning given

8    that term in section 2711.

9    ''(9) STATE.—The term 'State' means any

10   State of the United States, the District of Columbia,

11   the Commonwealth of Puerto Rico, and any territory

12   or possession of the United States.

13   ''(10) WIRELESS COMMUNICATION DEVICE.—

14   The term 'wireless communication device' means any

15   device that enables access to, or use of, an electronic

16   communication system or service, remote computing

17   service, or geolocation information service, if that de-

18   vice utilizes a radio or other wireless connection to

19   access such system or service.

20   ''(11) COVERED SERVICE.—The term 'covered

21   services' means electronic communication service, re-

22   mote computing service, or of geolocation informa-

23   tion service.

5

1   **"§ 2602. Interception and disclosure of geolocation in-**

2          **formation**

3     "(a) In General.—

4         "(1) Prohibition on disclosure or use.—

5   Except as otherwise specifically provided in this

6   chapter, it shall be unlawful for any person to—

7         "(A) intentionally intercept, endeavor to

8         intercept, or procure any other person to inter-

9         cept or endeavor to intercept, geolocation infor-

10         mation pertaining to another person;

11         "(B) intentionally disclose, or endeavor to

12         disclose, to any other person geolocation infor-

13         mation pertaining to another person, knowing

14         or having reason to know that the information

15         was obtained through the interception of such

16         information in violation of this paragraph;

17         "(C) intentionally use, or endeavor to use,

18         any geolocation information, knowing or having

19         reason to know that the information was ob-

20         tained through the interception of such infor-

21         mation in violation of this paragraph; or

22         "(D)(i) intentionally disclose, or endeavor

23         to disclose, to any other person the geolocation

24         information pertaining to another person inter-

25         cepted by means authorized by subsections (b)

1    through (h), except as provided in such sub-
2    sections;

3        "(ii) knowing or having reason to know
4        that the information was obtained through the
5        interception of such information in connection
6        with a criminal investigation;

7        "(iii) having obtained or received the infor-
8        mation in connection with a criminal investiga-
9        tion; and

10       "(iv) with intent to improperly obstruct,
11       impede, or interfere with a duly authorized
12       criminal investigation.

13   "(2) PENALTY.—Any person who violates para-
14   graph (1) shall be fined under this title, imprisoned
15   not more than five years, or both.

16   "(b) EXCEPTION FOR INFORMATION ACQUIRED IN
17   THE NORMAL COURSE OF BUSINESS.—It shall not be un-
18   lawful under this chapter for an officer, employee, or agent
19   of a provider of covered services, whose facilities are used
20   in the transmission of geolocation information, to inter-
21   cept, disclose, or use that information in the normal course
22   of the officer, employee, or agent's employment while en-
23   gaged in any activity which is a necessary incident to the
24   rendition of service or to the protection of the rights or
25   property of the provider of that service, except that a pro-

1 vider of a geolocation information service to the public

2 shall not utilize service observing or random monitoring

3 except for mechanical or service quality control checks.

4    "(c) EXCEPTION FOR CONDUCTING FOREIGN INTEL-

5 LIGENCE SURVEILLANCE.—Notwithstanding any other

6 provision of this chapter, it shall not be unlawful for an

7 officer, employee, or agent of the United States in the nor-

8 mal course of the official duty of the officer, employee,

9 or agent to conduct electronic surveillance, as authorized

10 by the Foreign Intelligence Surveillance Act of 1978 (50

11 U.S.C. 1801 et seq.).

12    "(d) EXCEPTION FOR CONSENT.—

13       "(1) IN GENERAL.—It shall not be unlawful

14    under this chapter for a person to intercept

15    geolocation information pertaining to another person

16    if such other person has given prior consent to such

17    interception unless such information is intercepted

18    for the purpose of committing any criminal or

19    tortious act in violation of the Constitution or laws

20    of the United States or of any State.

21       "(2) CHILDREN.—The exception in paragraph

22    (1) permits a parent or legal guardian of a child to

23    intercept geolocation information pertaining to that

24    child or to give consent for another person to inter-

25    cept such information.

8

1    "(e) EXCEPTION FOR PUBLIC INFORMATION.—It
2    shall not be unlawful under this chapter for any person
3    to intercept or access geolocation information relating to
4    another person through any system that is configured so
5    that such information is readily accessible to the general
6    public.

7    "(f) EXCEPTION FOR EMERGENCY INFORMATION.—
8    It shall not be unlawful under this chapter for any inves-
9    tigative or law enforcement officer or other emergency re-
10    sponder to intercept or access geolocation information re-
11    lating to a person if such information is used—

12        "(1) to respond to a request made by such per-
13        son for assistance; or

14        "(2) in circumstances in which it is reasonable
15        to believe that the life or safety of the person is
16        threatened, to assist the person.

17    "(g) EXCEPTION FOR THEFT OR FRAUD.—It shall
18    not be unlawful under this chapter for a person acting
19    under color of law to intercept geolocation information
20    pertaining to the location of another person who has un-
21    lawfully taken the device sending the geolocation informa-
22    tion if—

23        "(1) the owner or operator of such device au-
24        thorizes the interception of the person's geolocation
25        information;

1     ''(2) the person acting under color of law is

2     lawfully engaged in an investigation; and

3     ''(3) the person acting under color of law has

4     reasonable grounds to believe that the geolocation

5     information of the other person will be relevant to

6     the investigation.

7     ''(h) EXCEPTION FOR WARRANT.—

8         ''(1) DEFINITIONS.—In this subsection:

9             ''(A) COURT OF COMPETENT JURISDIC-

10            TION.—The term 'court of competent jurisdic-

11            tion' includes—

12                ''(i) any district court of the United

13                States (including a magistrate judge of

14                such a court) or any United States court

15                of appeals that—

16                    ''(I) has jurisdiction over the of-

17                    fense being investigated;

18                    ''(II) is in or for a district in

19                    which the provider of a geolocation in-

20                    formation service is located or in

21                    which the geolocation information is

22                    stored; or

23                    ''(III) is acting on a request for

24                    foreign assistance pursuant to section

25                    3512 of this title; or

1      "(ii) a court of general criminal juris-

2     diction of a State authorized by the law of

3     that State to issue search warrants.

4    "(B) GOVERNMENTAL ENTITY.—The term

5   'governmental entity' means a department or

6   agency of the United States or any State or po-

7   litical subdivision thereof.

8   "(2) WARRANT.—A governmental entity may

9 intercept geolocation information or require the dis-

10 closure by a provider of covered services of geoloca-

11 tion information only pursuant to a warrant issued

12 using the procedures described in the Federal Rules

13 of Criminal Procedure (or, in the case of a State

14 court, issued using State warrant procedures) by a

15 court of competent jurisdiction, or as otherwise pro-

16 vided in this chapter or the Foreign Intelligence Sur-

17 veillance Act of 1978 (50 U.S.C. 1801 et seq.).

18 "(i) PROHIBITION ON DIVULGING GEOLOCATION IN-

19 FORMATION.—

20   "(1) IN GENERAL.—Except as provided in para-

21 graph (2), a person providing covered services shall

22 not intentionally divulge geolocation information per-

23 taining to another person.

24   "(2) EXCEPTIONS.—A person providing covered

25 services may divulge geolocation information—

11

1          "(A) as otherwise authorized in subsections

2      (b) through (h);

3          "(B) with the lawful consent of such other

4      person;

5          "(C) to another person employed or au-

6      thorized, or whose facilities are used, to forward

7      such geolocation information to its destination;

8      or

9          "(D) which was inadvertently obtained by

10     the service provider and which appears to per-

11     tain to the commission of a crime, if such divul-

12     gence is made to a law enforcement agency.

13 **"§ 2603. Prohibition of use as evidence of acquired**

14 **geolocation information**

15     "Whenever any geolocation information has been ac-

16 quired, no part of such information and no evidence de-

17 rived therefrom may be received in evidence in any trial,

18 hearing, or other proceeding in or before any court, grand

19 jury, department, officer, agency, regulatory body, legisla-

20 tive committee, or other authority of the United States,

21 a State, or a political subdivision thereof if the disclosure

22 of that information would be in violation of this chapter.

23 **"§ 2604. Emergency situation exception**

24     "(a) EMERGENCY SITUATION EXCEPTION.—Not-

25 withstanding any other provision of this chapter, any in-

12

1 vestigative or law enforcement officer, specially designated

2 by the Attorney General, the Deputy Attorney General,

3 the Associate Attorney General, or by the principal pros-

4 ecuting attorney of any State or subdivision thereof acting

5 pursuant to a statute of that State, may intercept

6 geolocation information if—

7      "(1) such officer reasonably determines that an

8      emergency situation exists that—

9           "(A) involves—

10               "(i) immediate danger of death or se-

11               rious physical injury to any person;

12               "(ii) conspiratorial activities threat-

13               ening the national security interest; or

14               "(iii) conspiratorial activities char-

15               acteristic of organized crime; and

16           "(B) requires geolocation information be

17           intercepted before an order authorizing such

18           interception can, with due diligence, be ob-

19           tained;

20      "(2) there are grounds upon which an order

21      could be entered to authorize such interception; and

22      "(3) an application for an order approving such

23      interception is made within 48 hours after the inter-

24      ception has occurred or begins to occur.

25      "(b) FAILURE TO OBTAIN COURT ORDER.—

1    "(1) TERMINATION OF ACQUISITION.—In the
2    absence of an order, an interception of geolocation
3    information carried out under subsection (a) shall
4    immediately terminate when the information sought
5    is obtained or when the application for the order is
6    denied, whichever is earlier.

7    "(2) PROHIBITION ON USE AS EVIDENCE.—In
8    the event such application for approval is denied, the
9    geolocation information shall be treated as having
10    been obtained in violation of this chapter and an in-
11    ventory shall be served on the person named in the
12    application.

### "§ 2605. Recovery of civil damages authorized

14    "(a) IN GENERAL.—Any person whose geolocation
15    information is intercepted, disclosed, or intentionally used
16    in violation of this chapter may in a civil action recover
17    from the person, other than the United States, which en-
18    gaged in that violation such relief as may be appropriate.

19    "(b) RELIEF.—In an action under this section, ap-
20    propriate relief includes—

21    "(1) such preliminary and other equitable or
22    declaratory relief as may be appropriate;

23    "(2) damages under subsection (c) and punitive
24    damages in appropriate cases; and

14

1          "(3) a reasonable attorney's fee and other liti-
2      gation costs reasonably incurred.

3      "(c) COMPUTATION OF DAMAGES.—The court may
4  assess as damages under this section whichever is the
5  greater of—

6          "(1) the sum of the actual damages suffered by
7      the plaintiff and any profits made by the violator as
8      a result of the violation; or

9          "(2) statutory damages of whichever is the
10      greater of $100 a day for each day of violation or
11      $10,000.

12      "(d) DEFENSE.—It is a complete defense against any
13  civil or criminal action brought against an individual for
14  conduct in violation of this chapter if such individual acted
15  in a good faith reliance on—

16          "(1) a court warrant or order, a grand jury
17      subpoena, a legislative authorization, or a statutory
18      authorization;

19          "(2) a request of an investigative or law en-
20      forcement officer under section 2604; or

21          "(3) a good-faith determination that an excep-
22      tion under section 2602 permitted the conduct com-
23      plained of.

24      "(e) LIMITATION.—A civil action under this section
25  may not be commenced later than two years after the date

1 upon which the claimant first has a reasonable oppor-

2 tunity to discover the violation.

3     ''(f) ADMINISTRATIVE DISCIPLINE.—If a court or ap-

4 propriate department or agency determines that the

5 United States or any of its departments or agencies has

6 violated any provision of this chapter, and the court or

7 appropriate department or agency finds that the cir-

8 cumstances surrounding the violation raise serious ques-

9 tions about whether or not an officer or employee of the

10 United States acted willfully or intentionally with respect

11 to the violation, the department or agency shall, upon re-

12 ceipt of a true and correct copy of the decision and find-

13 ings of the court or appropriate department or agency

14 promptly initiate a proceeding to determine whether dis-

15 ciplinary action against the officer or employee is war-

16 ranted. If the head of the department or agency involved

17 determines that disciplinary action is not warranted, such

18 head shall notify the Inspector General with jurisdiction

19 over the department or agency concerned and shall provide

20 the Inspector General with the reasons for such deter-

21 mination.

22     ''(g) IMPROPER DISCLOSURE IS VIOLATION.—Any

23 willful disclosure or use by an investigative or law enforce-

24 ment officer or governmental entity of information beyond

16

1 the extent permitted by this chapter is a violation of this

2 chapter for purposes of this section.''.

3    (b) CLERICAL AMENDMENT.—The table of chapters

4 for part 1 of title 18, United States Code, is amended by

5 inserting after the item relating to chapter 119 the fol-

6 lowing:

"120. Geolocation information ................................................................. 2601''.

7    (c) CONFORMING AMENDMENTS.—Section 3512(a) of

8 title 18, United States Code, is amended—

9        (1) in paragraph (2)—

10            (A) by redesignating subparagraphs (B),

11        (C), and (D) as subparagraphs (C), (D), and

12        (E), respectively; and

13            (B) by inserting after subparagraph (A)

14        the following:

15            ''(B) a warrant or order for geolocation in-

16        formation or records related thereto, as pro-

17        vided under section 2602 of this title;''.

**18 SEC. 3. REQUIREMENT FOR SEARCH WARRANTS TO AC-**

**19            QUIRE GEOLOCATION INFORMATION.**

20    Rule 41(a) of the Federal Rules of Criminal Proce-

21 dure is amended—

22        (1) in paragraph (2)(A), by striking the period

23        at the end and inserting a comma and ''including

24        geolocation information.''; and

25        (2) by adding at the end the following:

17

1           "(F) 'Geolocation information' has the

2        meaning given that term in section 2601 of title

3        18, United States Code.".

4  **SEC. 4. FRAUD AND RELATED ACTIVITY IN CONNECTION**

5           **WITH OBTAINING GEOLOCATION INFORMA-**

6           **TION.**

7    (a) CRIMINAL VIOLATION.—Section 1039(h) of title

8  18, United States Code, is amended—

9        (1) in paragraph (2)—

10          (A) in subparagraph (A), by striking

11        "and" at the end;

12          (B) in subparagraph (B), by striking the

13        period at the end and inserting a semicolon and

14        "and"; and

15          (C) by adding at the end the following new

16        subparagraph:

17           "(C) includes any geolocation information

18        service.";

19        (2) by redesignating paragraph (4) as para-

20        graph (5); and

21        (3) by inserting after paragraph (3) the fol-

22        lowing:

23          "(4) GEOLOCATION INFORMATION SERVICE.—

24    The term 'geolocation information service' has the

25    meaning given that term in section 2601.".

1    (b) CONFORMING AMENDMENTS.—

2    (1) DEFINITION AMENDMENTS.—Section

3    1039(h)(1) of title 18, United States Code, is

4    amended—

5    (A) in the paragraph heading, by inserting

6    "OR GPS" after "PHONE"; and

7    (B) in the matter preceding subparagraph

8    (A), by inserting "or GPS" after "phone".

9    (2) CONFORMING AMENDMENTS.—Section 1039

10    of title 18, United States Code, is amended—

11    (A) in the section heading by inserting "**or**

12    **GPS**" after "**phone**";

13    (B) in subsection (a)—

14    (i) in the matter preceding paragraph

15    (1), by inserting "or GPS" after "phone";

16    and

17    (ii) in paragraph (4), by inserting "or

18    GPS" after "phone";

19    (C) in subsection (b)—

20    (i) in the subsection heading, by in-

21    serting "OR GPS" after "PHONE";

22    (ii) in paragraph (1), by inserting "or

23    GPS" after "phone" both places that term

24    appears; and

1              (iii) in paragraph (2), by inserting ''or

2          GPS'' after ''phone''; and

3        (D) in subsection (c)—

4              (i) in the subsection heading, by in-

5          serting ''OR GPS'' after ''PHONE'';

6              (ii) in paragraph (1), by inserting ''or

7          GPS'' after ''phone'' both places that term

8          appears; and

9              (iii) in paragraph (2), by inserting ''or

10         GPS'' after ''phone''.

11     (3) CHAPTER ANALYSIS.—The table of sections

12    for chapter 47 of title 18, United States Code, is

13    amended by striking the item relating to section

14    1039 and inserting the following:

''1039. Fraud and related activity in connection with obtaining confidential phone or GPS records information of a covered entity.''.

15  (c) SENTENCING GUIDELINES.—

16     (1) REVIEW AND AMENDMENT.—Not later than

17    180 days after the date of enactment of this Act, the

18    United States Sentencing Commission, pursuant to

19    its authority under section 994 of title 28, United

20    States Code, and in accordance with this section,

21    shall review and, if appropriate, amend the Federal

22    sentencing guidelines and policy statements applica-

23    ble to persons convicted of any offense under section

1   1039 of title 18, United States Code, as amended by

2   this section.

3     (2) AUTHORIZATION.—The United States Sen-

4   tencing Commission may amend the Federal sen-

5   tencing guidelines in accordance with the procedures

6   set forth in section 21(a) of the Sentencing Act of

7   1987 (28 U.S.C. 994 note) as though the authority

8   under that section had not expired.

## 9 SEC. 5. STATEMENT OF EXCLUSIVE MEANS OF ACQUIRING

## 10 GEOLOCATION INFORMATION.

11   (a) IN GENERAL.—No person may acquire the

12 geolocation information of a person for protective activities

13 or law enforcement or intelligence purposes except pursu-

14 ant to a warrant issued pursuant to rule 41 of the Federal

15 Rules of Criminal Procedure, as amended by section 3,

16 or the amendments made by this Act, or the Foreign Intel-

17 ligence Surveillance Act of 1978 (50 U.S.C. 1801).

18   (b) GEOLOCATION INFORMATION DEFINED.—In this

19 section, the term ''geolocation information'' has the mean-

20 ing given that term in section 2601 of title 18, United

21 States Code, as amended by section 2.

○

II

113TH CONGRESS
1ST SESSION

# S. 639

To amend title 18, United States Code, to specify the circumstances in which a person may acquire geolocation information and for other purposes.

————————————

## IN THE SENATE OF THE UNITED STATES

MARCH 21, 2013

Mr. WYDEN (for himself and Mr. KIRK) introduced the following bill; which was read twice and referred to the Committee on the Judiciary

————————————

# A BILL

To amend title 18, United States Code, to specify the circumstances in which a person may acquire geolocation information and for other purposes.

1    *Be it enacted by the Senate and House of Representa-*

2    *tives of the United States of America in Congress assembled,*

3    **SECTION 1. SHORT TITLES.**

4        This Act may be cited as the ''Geolocational Privacy

5    and Surveillance Act'' or the ''GPS Act''.

6    **SEC. 2. PROTECTION OF GEOLOCATION INFORMATION.**

7        (a) IN GENERAL.—Part 1 of title 18, United States

8    Code, is amended by inserting after chapter 119 the fol-

9    lowing:

2

1   **"CHAPTER 120—GEOLOCATION**

2   **INFORMATION**

"Sec.
"2601. Definitions.
"2602. Interception and disclosure of geolocation information.
"2603. Prohibition of use as evidence of acquired geolocation information.
"2604. Emergency situation exception.
"2605. Recovery of civil damages authorized.

3   **"§ 2601. Definitions**

4   "In this chapter:

5   "(1) COVERED SERVICE.—The term 'covered

6   service' means an electronic communication service,

7   a geolocation information service, or a remote com-

8   puting service.

9   "(2) ELECTRONIC COMMUNICATION SERVICE.—

10   The term 'electronic communication service' has the

11   meaning given that term in section 2510.

12   "(3) ELECTRONIC SURVEILLANCE.—The term

13   'electronic surveillance' has the meaning given that

14   term in section 101 of the Foreign Intelligence Sur-

15   veillance Act of 1978 (50 U.S.C. 1801).

16   "(4) GEOLOCATION INFORMATION.—The term

17   'geolocation information' means, with respect to a

18   person, any information, that is not the content of

19   a communication, concerning the location of a wire-

20   less communication device or tracking device (as

21   that term is defined section 3117) that, in whole or

22   in part, is generated by or derived from the oper-

3

1    ation of that device and that could be used to deter-

2    mine or infer information regarding the location of

3    the person.

4        ''(5) GEOLOCATION INFORMATION SERVICE.—

5    The term 'geolocation information service' means the

6    provision of a global positioning service or other

7    mapping, locational, or directional information serv-

8    ice to the public, or to such class of users as to be

9    effectively available to the public, by or through the

10    operation of any wireless communication device, in-

11    cluding any mobile telephone, global positioning sys-

12    tem receiving device, mobile computer, or other simi-

13    lar or successor device.

14        ''(6) INTERCEPT.—The term 'intercept' means

15    the acquisition of geolocation information through

16    the use of any electronic, mechanical, or other de-

17    vice.

18        ''(7) INVESTIGATIVE OR LAW ENFORCEMENT

19    OFFICER.—The term 'investigative or law enforce-

20    ment officer' means any officer of the United States

21    or of a State or political subdivision thereof, who is

22    empowered by law to conduct investigations of, or to

23    make arrests for, offenses enumerated in this chap-

24    ter, and any attorney authorized by law to prosecute

25    or participate in the prosecution of such offenses.

4

1      "(8) PERSON.—The term 'person' means any

2      employee or agent of the United States, or any State

3      or political subdivision thereof, and any individual,

4      partnership, association, joint stock company, trust,

5      or corporation.

6      "(9) REMOTE COMPUTING SERVICE.—The term

7      'remote computing service' has the meaning given

8      that term in section 2711.

9      "(10) STATE.—The term 'State' means any

10      State of the United States, the District of Columbia,

11      the Commonwealth of Puerto Rico, and any territory

12      or possession of the United States.

13      "(11) WIRELESS COMMUNICATION DEVICE.—

14      The term 'wireless communication device' means any

15      device that enables access to, or use of, an electronic

16      communication system or service or a covered serv-

17      ice, if that device utilizes a radio or other wireless

18      connection to access such system or service.

19  **"§ 2602. Interception and disclosure of geolocation in-**

20           **formation**

21      "(a) IN GENERAL.—

22      "(1) PROHIBITION ON DISCLOSURE OR USE.—

23      Except as otherwise specifically provided in this

24      chapter, it shall be unlawful for any person to—

5

1    "(A) intentionally intercept, endeavor to

2  intercept, or procure any other person to inter-

3  cept or endeavor to intercept, geolocation infor-

4  mation pertaining to another person;

5    "(B) intentionally disclose, or endeavor to

6  disclose, to any other person geolocation infor-

7  mation pertaining to another person, knowing

8  or having reason to know that the information

9  was obtained through the interception of such

10  information in violation of this paragraph;

11    "(C) intentionally use, or endeavor to use,

12  any geolocation information, knowing or having

13  reason to know that the information was ob-

14  tained through the interception of such infor-

15  mation in violation of this paragraph; or

16    "(D)(i) intentionally disclose, or endeavor

17  to disclose, to any other person the geolocation

18  information pertaining to another person inter-

19  cepted by means authorized by subsections (b)

20  through (h), except as provided in such sub-

21  sections;

22    "(ii) knowing or having reason to know

23  that the information was obtained through the

24  interception of such information in connection

25  with a criminal investigation;

6

1          "(iii) having obtained or received the infor-

2                mation in connection with a criminal investiga-

3                tion; and

4          "(iv) with intent to improperly obstruct,

5                impede, or interfere with a duly authorized

6                criminal investigation.

7     "(2) PENALTY.—Any person who violates para-

8          graph (1) shall be fined under this title, imprisoned

9          not more than five years, or both.

10    "(b) EXCEPTION FOR INFORMATION ACQUIRED IN

11    THE NORMAL COURSE OF BUSINESS.—It shall not be un-

12    lawful under this chapter for an officer, employee, or agent

13    of a provider of a covered service, whose facilities are used

14    in the transmission of geolocation information, to inter-

15    cept, disclose, or use that information in the normal course

16    of the officer, employee, or agent's employment while en-

17    gaged in any activity which is a necessary incident to the

18    rendition of service or to the protection of the rights or

19    property of the provider of that service, except that a pro-

20    vider of a geolocation information service to the public

21    shall not utilize service observing or random monitoring

22    except for mechanical or service quality control checks.

23    "(c) EXCEPTION FOR CONDUCTING FOREIGN INTEL-

24    LIGENCE SURVEILLANCE.—Notwithstanding any other

25    provision of this chapter, it shall not be unlawful for an

1 officer, employee, or agent of the United States in the nor-

2 mal course of the official duty of the officer, employee,

3 or agent to conduct electronic surveillance, as authorized

4 by the Foreign Intelligence Surveillance Act of 1978 (50

5 U.S.C. 1801 et seq.).

6 ''(d) EXCEPTION FOR CONSENT.—

7 ''(1) IN GENERAL.—It shall not be unlawful

8 under this chapter for a person to intercept

9 geolocation information pertaining to another person

10 if such other person has given prior consent to such

11 interception unless such information is intercepted

12 for the purpose of committing any criminal or

13 tortious act in violation of the Constitution or laws

14 of the United States or of any State.

15 ''(2) CHILDREN.—The exception in paragraph

16 (1) permits a parent or legal guardian of a child to

17 intercept geolocation information pertaining to that

18 child or to give consent for another person to inter-

19 cept such information.

20 ''(e) EXCEPTION FOR PUBLIC INFORMATION.—It

21 shall not be unlawful under this chapter for any person

22 to intercept or access geolocation information relating to

23 another person through any system that is configured so

24 that such information is readily accessible to the general

25 public.

8

1    ''(f) EXCEPTION FOR EMERGENCY INFORMATION.—
2 It shall not be unlawful under this chapter for any inves-
3 tigative or law enforcement officer or other emergency re-
4 sponder to intercept or access geolocation information re-
5 lating to a person if such information is used—

6        ''(1) to respond to a request made by such per-
7    son for assistance; or

8        ''(2) in circumstances in which it is reasonable
9    to believe that the life or safety of the person is
10   threatened, to assist the person.

11   ''(g) EXCEPTION FOR THEFT OR FRAUD.—It shall
12 not be unlawful under this chapter for a person acting
13 under color of law to intercept geolocation information
14 pertaining to the location of another person who has un-
15 lawfully taken the device sending the geolocation informa-
16 tion if—

17       ''(1) the owner or operator of such device au-
18   thorizes the interception of the person's geolocation
19   information;

20       ''(2) the person acting under color of law is
21   lawfully engaged in an investigation; and

22       ''(3) the person acting under color of law has
23   reasonable grounds to believe that the geolocation
24   information of the other person will be relevant to
25   the investigation.

9

1 "(h) EXCEPTION FOR WARRANT.—

2  "(1) DEFINITIONS.—In this subsection:

3   "(A) COURT OF COMPETENT JURISDIC-

4   TION.—The term 'court of competent jurisdic-

5   tion' includes—

6    "(i) any district court of the United

7    States (including a magistrate judge of

8    such a court) or any United States court

9    of appeals that—

10     "(I) has jurisdiction over the of-

11     fense being investigated;

12     "(II) is in or for a district in

13     which the provider of a geolocation in-

14     formation service is located or in

15     which the geolocation information is

16     stored; or

17     "(III) is acting on a request for

18     foreign assistance pursuant to section

19     3512; or

20    "(ii) a court of general criminal juris-

21    diction of a State authorized by the law of

22    that State to issue search warrants.

23   "(B) GOVERNMENTAL ENTITY.—The term

24   'governmental entity' means a department or

1    agency of the United States or any State or po-

2    litical subdivision thereof.

3    ''(2) WARRANT.—A governmental entity may

4    intercept geolocation information or require the dis-

5    closure by a provider of a covered service of

6    geolocation information only pursuant to a warrant

7    issued using the procedures described in the Federal

8    Rules of Criminal Procedure (or, in the case of a

9    State court, issued using State warrant procedures)

10    by a court of competent jurisdiction, or as otherwise

11    provided in this chapter or the Foreign Intelligence

12    Surveillance Act of 1978 (50 U.S.C. 1801 et seq.).

13    ''(i) PROHIBITION ON DIVULGING GEOLOCATION IN-

14    FORMATION.—

15    ''(1) IN GENERAL.—Except as provided in para-

16    graph (2), a person providing a covered service shall

17    not intentionally divulge geolocation information per-

18    taining to another person.

19    ''(2) EXCEPTIONS.—A person providing a cov-

20    ered service may divulge geolocation information—

21    ''(A) as otherwise authorized in subsections

22    (b) through (h);

23    ''(B) with the lawful consent of such other

24    person;

11

1          ''(C) to another person employed or au-
2     thorized, or whose facilities are used, to forward
3     such geolocation information to its destination;
4     or

5          ''(D) which was inadvertently obtained by
6     the provider of the covered service and which
7     appears to pertain to the commission of a
8     crime, if such divulgence is made to a law en-
9     forcement agency.

10  **''§ 2603. Prohibition of use as evidence of acquired**
11              **geolocation information**

12      ''Whenever any geolocation information has been ac-
13  quired, no part of such information and no evidence de-
14  rived therefrom may be received in evidence in any trial,
15  hearing, or other proceeding in or before any court, grand
16  jury, department, officer, agency, regulatory body, legisla-
17  tive committee, or other authority of the United States,
18  a State, or a political subdivision thereof if the disclosure
19  of that information would be in violation of this chapter.

20  **''§ 2604. Emergency situation exception**

21      ''(a) EMERGENCY SITUATION EXCEPTION.—Not-
22  withstanding any other provision of this chapter, any in-
23  vestigative or law enforcement officer, specially designated
24  by the Attorney General, the Deputy Attorney General,
25  the Associate Attorney General, or by the principal pros-

1  ecuting attorney of any State or subdivision thereof acting

2  pursuant to a statute of that State, may intercept

3  geolocation information if—

4       ''(1) such officer reasonably determines that an

5       emergency situation exists that—

6            ''(A) involves—

7                 ''(i) immediate danger of death or se-

8                 rious physical injury to any person;

9                 ''(ii) conspiratorial activities threat-

10                ening the national security interest; or

11                ''(iii) conspiratorial activities char-

12                acteristic of organized crime; and

13           ''(B) requires geolocation information be

14           intercepted before an order authorizing such

15           interception can, with due diligence, be ob-

16           tained;

17      ''(2) there are grounds upon which an order

18      could be entered to authorize such interception; and

19      ''(3) an application for an order approving such

20      interception is made within 48 hours after the inter-

21      ception has occurred or begins to occur.

22  ''(b) FAILURE TO OBTAIN COURT ORDER.—

23      ''(1) TERMINATION OF ACQUISITION.—In the

24      absence of an order, an interception of geolocation

25      information carried out under subsection (a) shall

1    immediately terminate when the information sought

2    is obtained or when the application for the order is

3    denied, whichever is earlier.

4        "(2) PROHIBITION ON USE AS EVIDENCE.—In

5    the event such application for approval is denied, the

6    geolocation information shall be treated as having

7    been obtained in violation of this chapter and an in-

8    ventory shall be served on the person named in the

9    application.

## "§ 2605. Recovery of civil damages authorized

11    "(a) IN GENERAL.—Any person whose geolocation

12   information is intercepted, disclosed, or intentionally used

13   in violation of this chapter may in a civil action recover

14   from the person, other than the United States, which en-

15   gaged in that violation such relief as may be appropriate.

16    "(b) RELIEF.—In an action under this section, ap-

17   propriate relief includes—

18        "(1) such preliminary and other equitable or

19    declaratory relief as may be appropriate;

20        "(2) damages under subsection (c) and punitive

21    damages in appropriate cases; and

22        "(3) a reasonable attorney's fee and other liti-

23    gation costs reasonably incurred.

14

1    ''(c) Computation of Damages.—The court may
2    assess as damages under this section whichever is the
3    greater of—

4        ''(1) the sum of the actual damages suffered by
5        the plaintiff and any profits made by the violator as
6        a result of the violation; or

7        ''(2) statutory damages of whichever is the
8        greater of $100 a day for each day of violation or
9        $10,000.

10    ''(d) Defense.—It is a complete defense against any
11    civil or criminal action brought against an individual for
12    conduct in violation of this chapter if such individual acted
13    in a good faith reliance on—

14        ''(1) a court warrant or order, a grand jury
15        subpoena, a legislative authorization, or a statutory
16        authorization;

17        ''(2) a request of an investigative or law en-
18        forcement officer under section 2604; or

19        ''(3) a good-faith determination that an excep-
20        tion under section 2602 permitted the conduct com-
21        plained of.

22    ''(e) Limitation.—A civil action under this section
23    may not be commenced later than two years after the date
24    upon which the claimant first has a reasonable oppor-
25    tunity to discover the violation.

1      "(f) ADMINISTRATIVE DISCIPLINE.—If a court or ap-
2 propriate department or agency determines that the
3 United States or any of its departments or agencies has
4 violated any provision of this chapter, and the court or
5 appropriate department or agency finds that the cir-
6 cumstances surrounding the violation raise serious ques-
7 tions about whether or not an officer or employee of the
8 United States acted willfully or intentionally with respect
9 to the violation, the department or agency shall, upon re-
10 ceipt of a true and correct copy of the decision and find-
11 ings of the court or appropriate department or agency
12 promptly initiate a proceeding to determine whether dis-
13 ciplinary action against the officer or employee is war-
14 ranted. If the head of the department or agency involved
15 determines that disciplinary action is not warranted, such
16 head shall notify the Inspector General with jurisdiction
17 over the department or agency concerned and shall provide
18 the Inspector General with the reasons for such deter-
19 mination.

20      "(g) IMPROPER DISCLOSURE IS VIOLATION.—Any
21 willful disclosure or use by an investigative or law enforce-
22 ment officer or governmental entity of information beyond
23 the extent permitted by this chapter is a violation of this
24 chapter for purposes of this section.

1 "(h) CONSTRUCTION.—Nothing in this section may
2 be construed to establish a new cause of action against
3 any electronic communication service provider, remote
4 computing service provider, geolocation service provider,
5 or law enforcement or investigative officer, or eliminate
6 or affect any cause of action that exists under section
7 2520, section 2707, or any other provision of law.".

8 (b) CLERICAL AMENDMENT.—The table of chapters
9 for part 1 of title 18, United States Code, is amended by
10 inserting after the item relating to chapter 119 the fol-
11 lowing:

"120. Geolocation information ................................................................. 2601".

12 (c) CONFORMING AMENDMENTS.—Section 3512(a) of
13 title 18, United States Code, is amended—

14     (1) in paragraph (2)—

15         (A) by redesignating subparagraphs (B),
16         (C), and (D) as subparagraphs (C), (D), and
17         (E), respectively; and

18         (B) by inserting after subparagraph (A)
19         the following:

20             "(B) a warrant or order for geolocation in-
21             formation or records related thereto, as pro-
22             vided under section 2602 of this title;".

17

1 **SEC. 3. REQUIREMENT FOR SEARCH WARRANTS TO AC-**

2 **QUIRE GEOLOCATION INFORMATION.**

3 Rule 41(a) of the Federal Rules of Criminal Proce-

4 dure is amended—

5 (1) in paragraph (2)(A), by striking the period

6 at the end and inserting a comma and "including

7 geolocation information."; and

8 (2) by adding at the end the following:

9 "(F) 'Geolocation information' has the

10 meaning given that term in section 2601 of title

11 18, United States Code.".

12 **SEC. 4. FRAUD AND RELATED ACTIVITY IN CONNECTION**

13 **WITH OBTAINING GEOLOCATION INFORMA-**

14 **TION.**

15 (a) CRIMINAL VIOLATION.—Section 1039(h) of title

16 18, United States Code, is amended—

17 (1) in paragraph (2)—

18 (A) in subparagraph (A), by striking

19 "and" at the end;

20 (B) in subparagraph (B), by striking the

21 period at the end and inserting a semicolon and

22 "and"; and

23 (C) by adding at the end the following new

24 subparagraph:

25 "(C) includes any geolocation information

26 service.";

1  (2) by redesignating paragraph (4) as para-
2  graph (5); and

3  (3) by inserting after paragraph (3) the fol-
4  lowing:

5  "(4) GEOLOCATION INFORMATION SERVICE.—
6  The term 'geolocation information service' has the
7  meaning given that term in section 2601.".

8  (b) CONFORMING AMENDMENTS.—

9  (1) DEFINITION AMENDMENTS.—Section
10  1039(h)(1) of title 18, United States Code, is
11  amended—

12  (A) in the paragraph heading, by inserting
13  "OR GPS" after "PHONE"; and

14  (B) in the matter preceding subparagraph
15  (A), by inserting "or GPS" after "phone".

16  (2) CONFORMING AMENDMENTS.—Section 1039
17  of title 18, United States Code, is amended—

18  (A) in the section heading by inserting "**or
19  GPS**" after "**phone**";

20  (B) in subsection (a)—

21  (i) in the matter preceding paragraph
22  (1), by inserting "or GPS" after "phone";
23  and

24  (ii) in paragraph (4), by inserting "or
25  GPS" after "phone";

19

1    (C) in subsection (b)—

2        (i) in the subsection heading, by in-

3    serting "OR GPS" after "PHONE";

4        (ii) in paragraph (1), by inserting "or

5    GPS" after "phone" both places that term

6    appears; and

7        (iii) in paragraph (2), by inserting "or

8    GPS" after "phone"; and

9    (D) in subsection (c)—

10       (i) in the subsection heading, by in-

11   serting "OR GPS" after "PHONE";

12       (ii) in paragraph (1), by inserting "or

13   GPS" after "phone" both places that term

14   appears; and

15       (iii) in paragraph (2), by inserting "or

16   GPS" after "phone".

17   (3) CHAPTER ANALYSIS.—The table of sections

18   for chapter 47 of title 18, United States Code, is

19   amended by striking the item relating to section

20   1039 and inserting the following:

"1039. Fraud and related activity in connection with obtaining confidential phone or GPS records information of a covered entity.".

21   (c) SENTENCING GUIDELINES.—

22   (1) REVIEW AND AMENDMENT.—Not later than

23   180 days after the date of enactment of this Act, the

24   United States Sentencing Commission, pursuant to

1    its authority under section 994 of title 28, United

2    States Code, and in accordance with this section,

3    shall review and, if appropriate, amend the Federal

4    sentencing guidelines and policy statements applica-

5    ble to persons convicted of any offense under section

6    1039 of title 18, United States Code, as amended by

7    this section.

8        (2) AUTHORIZATION.—The United States Sen-

9    tencing Commission may amend the Federal sen-

10    tencing guidelines in accordance with the procedures

11    set forth in section 21(a) of the Sentencing Act of

12    1987 (28 U.S.C. 994 note) as though the authority

13    under that section had not expired.

14  **SEC. 5. STATEMENT OF EXCLUSIVE MEANS OF ACQUIRING**

15                  **GEOLOCATION INFORMATION.**

16    (a) IN GENERAL.—No person may acquire the

17  geolocation information of a person for protective activities

18  or law enforcement or intelligence purposes except pursu-

19  ant to a warrant issued pursuant to rule 41 of the Federal

20  Rules of Criminal Procedure, as amended by section 3,

21  or the amendments made by this Act, or the Foreign Intel-

22  ligence Surveillance Act of 1978 (50 U.S.C. 1801).

23    (b) GEOLOCATION INFORMATION DEFINED.—In this

24  section, the term "geolocation information" has the mean-

21

1  ing given that term in section 2601 of title 18, United

2  States Code, as amended by section 2.

○